USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __11/10/2020__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| TYRONE MASSEY,<br><br>         Plaintiff,<br><br>-against-<br><br>SPHITZ; HEALTH AND HOSPITALS CORPORATION; CITY OF NEW YORK,<br><br>         Defendants. | 20-CV-8828 (ALC)<br><br>ORDER OF SERVICE |

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff, currently incarcerated in the Manhattan Detention Complex, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By order dated November 6, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

## DISCUSSION

**A. Substitute Iosif Shpits, M.D. for Defendant Sphitz**

Plaintiff brings claims against a medical provider whom he identifies as "Sphitz." The Court has learned that the medical provider Plaintiff seeks to sue is Iosif Shpits, M.D. The Clerk of Court is directed to amend the caption of this action to replace Defendant Sphitz with Iosif Shpits, M.D. *See* Fed. R. Civ. P. 21.

**B. Waiver of Service on the City of New York**

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the City of New York waive service of summons.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

C.     **Service on Shpits and H+H Health and Hospitals**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summonses and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Iosif Shpits and NYC Health +Hospitals (formerly the New York City Health and Hospitals Corporation) through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package. The Clerk of Court is also instructed to amend the caption of this action to replace Defendant Sphitz with Iosif Shpits, M.D. *See* Fed. R. Civ. P. 21.

The Clerk of Court is further directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Defendant City of New York waive service of summons.

The Clerk of Court must also issue summonses, complete USM-285 forms with the addresses for Iosif Shpits and NYC Health + Hospitals, and deliver all documents necessary to effect service to the U.S. Marshals Service.

**SO ORDERED.**

**Dated:** **November 10, 2020**
**New York, New York**

*/s/ Andrew L. Carter*

**ANDREW L. CARTER, JR.**
**United States District Judge**

**DEFENDANTS AND SERVICE ADDRESSES**

1. Iosif Shpits, M.D.
   c/o Gwendolyn Renee Tarver
   PAGNY-Correctional Health Services
   49-04 19th Avenue
   1st Floor
   Astoria, New York 11105

2. New York City Health + Hospitals
   125 Worth Street
   New York, NY 10013